INHABITANTS OF PORTLAND *versus* JOHN B. BROWN.

In all contracts the intention of the parties must govern, and where the price of land in question was to be determined by arbitrators, and the plaintiffs agreed to release their claim to the same, and the defendant was to pay *therefor* the sum fixed by the arbitrators as the value of the land, to entitle the plaintiffs to recover, they must aver and prove an offer to release upon payment by the defendant.

The deed of release to the defendant and the payment by him of the money *therefor* were to be concurrent acts.

This is an action of assumpsit.

The plaintiffs offered in evidence two papers, of which the following are copies:

"MEMORANDUM. In consideration that the city council of the city of Portland, for the purpose of adjusting a controversy, respecting the western line of my enclosed land between Vaughan street and the western promenade, *has discontinued so much of said promenade as lies within my enclosure,* eastward of a line drawn on a plan of the premises made by M. G. Deane, and marked with the letters A. D. C., which line is more particularly described in the report of the committee on highways, made to the city council of this date, *and has agreed to release to me all* claim of the city to the land covered by such vote of discontinuance, I hereby *engage to pay* to the city *therefor such sum as shall be determined by the arbitration of Stephen Waite, Samuel Small, and William Ross, of Portland.*

"Witness my hand this seventeenth day of April, 1854.
                    (Signed.)                    J. B. BROWN."

"The undersigned referees in the case of the city against John B. Brown, having viewed the premises and duly examined the plan of M. G. Deane in relation thereto, have, upon mature and deliberate consultation, determined that said Brown shall pay to the city the sum of eight hundred and fifty dollars, in full consideration for the land he occupies, to

which the city has the right and title, and (in addition thereto the sum of fifteen dollars, being the cost of reference.)

(Signed.) STEPHEN WAITE,
WILLIAM ROSS,
*July* 12, 1854. SAMUEL SMALL."

The execution of these papers was admitted. Plaintiffs called Stephen Waite, who testified, that the aforesaid award was made upon the agreement or memorandum afore described, signed by J. B. Brown, and with reference to the subject matter of said memorandum, and that said Brown was with the referees when they examined the premises, and was fully heard by them in relation to the matter submitted to their arbitration.

William Boyd, called by plaintiffs, testified, that he was the city clerk in the year 1854–5, and that on the 24*th February,* 1855, he presented and made known to the said Brown the written award of the referees, and demanded of him payment of the amount awarded, and that he declined paying it.

The defendant then moved for a nonsuit, on the ground that the plaintiffs had not tendered a deed of release to him of all their claim to the land, covered by the vote of discontinuance aforesaid, before commencing this action, and a nonsuit was ordered by the court, the chief justice presiding, to which the plaintiffs excepted.

*S. & D. W. Fessenden,* for plaintiffs.

1. The promise of the defendant, on which plaintiffs rely, is an independent promise to the plaintiffs. It is to pay such a sum of money as certain persons named in the contract shall award. The amount of the award is the sum sued for. Campbell v. Jones, 6 T. R., 570; Boon v. Eyre, cited in 14 Black., p. 273, (Lord Mansfield's opinion,) and p. 279; 1 Parsons on Contracts, Book 2, chap. 1, sec. 9, p. 41, and notes thereto; 1 Saund., Pordage v. Cole, 319, and note; 17 Maine R., 372, Babcock et al. v. Wilson et al.; 12 Md. R., 455, Thorp v. Thorp; 2 Md. R., 33, Smith v. Thisbury; 21 Pick., 439, Page Mill Dam Foundry v. Hovey.

*J. Rand,* counsel for defendant.

APPLETON, J. A controversy having arisen between the parties to this suit respecting the western line of the defendant's enclosed land between Vaughan street and the western promenade, the defendant in consideration that the plaintiffs had discontinued so much of the promenade as lies within his enclosure within certain limits, and had agreed "to release" to him "all claim of the city to the land covered by such vote of discontinuance "engaged" to pay to the city *therefor* such sum as shall be determined by the arbitration of Stephen Waite, Samuel Small, and William Ross.

The arbitrators have examined the premises, and made their award. The plaintiffs have demanded payment of the sum awarded, which, the defendant declining to make, they have commenced this suit.

In all contracts the intention of the parties must govern. By the terms of the contract, signed by the defendant, the price of the land in question was to be determined by arbitrators. That sum the defendant was to pay. It was the value of the land to be conveyed to him. Now for what was he to pay it? We think for the release by the plaintiffs of their claim to the land in question—not for the contract to release but for the land released. The plaintiffs were to release their claim to certain premises, and the defendant was to pay "*therefor*" the sum fixed by the arbitrators as the value of the same. It was not the intention of the parties that the defendant was to pay his money for the chance of compelling a specific performance at the termination of litigation, more or less protracted.

If the plaintiffs claim to enforce the contract of the defendant, they should aver and prove a performance or readiness to perform on their part. It is not requisite that they should tender a deed unconditionally and without payment, but they should be ready to give a deed upon payment. They have neither averred nor shown an offer to deed upon payment by the defendant, and are not entitled to recover. Howland

v. Leach, 11 Pick., 151. Hunt v. Livermore, 5 Pick., 395. The deed of release to the defendant, and the payment by him of money "therefor," were to be concurrent acts. Lester v. Jewett, 1 Kernan, 453.

The rule of law laid down in Portage v. Cole, 1 Saund., 319, does not apply to the contract in question. This is not a case of mutual covenants. The contract in suit is signed by the defendant alone.

*Exceptions overruled.*